Filed 8/13/26  Trivers v. Sherwood Management Co. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MAUREEN TRIVERS,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHERWOOD MANAGEMENT COMPANY, INC.,<br><br>    Defendant and Appellant. | B344138<br><br>(Los Angeles County Super. Ct. No. 24STCV01643) |

APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Affirmed.

O'Melveny & Myers, Kelly S. Wood, Jason Zarrow, Lauren Averill and Kelsey G. Fraser for Defendant and Appellant.

Haig B. Kazandjian Lawyers, Haig B. Kazandjian, Cathy Gonzalez, and Joseph C. Rocha for Plaintiff and Respondent.

—————————————————

# INTRODUCTION

When Sherwood Management Company, Inc. hired Maureen Trivers, Sherwood required Trivers to sign a series of documents that included an agreement to arbitrate disputes arising out of the employment relationship. After Trivers's employment ended she filed this action, asserting a single cause of action under the Labor Code Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.)[1] and alleging Sherwood committed a variety of wage-and-hour violations against her and other employees. Sherwood filed a motion to compel arbitration of Trivers's individual PAGA claim (meaning the portion of the cause of action based on the Labor Code violations against her). The trial court ruled that, because Trivers sought penalties only for the wage-and-hour violations suffered by other aggrieved employees, her operative, first amended complaint did not include an individual PAGA claim. The trial court denied the motion to compel arbitration.

Sherwood appeals from the trial court's order denying its motion to compel arbitration, arguing the court erred in ruling Trivers's complaint did not include an individual PAGA claim. Sherwood alternatively argues that, if Trivers's complaint did not include an individual PAGA claim, we should decide an issue currently pending before the Supreme Court: whether a plaintiff may assert a cause of action under PAGA without seeking penalties for the Labor Code violations the plaintiff suffered. (See *Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001, review granted Apr. 16, 2025, S289305.)

---

[1]     Undesignated statutory references are to the Labor Code.

2

We conclude the trial court did not err in ruling the operative complaint did not include an individual PAGA claim. When Trivers amended her complaint she removed her request to recover penalties for Labor Code violations she suffered, which left only claims for penalties for Labor Code violations suffered by other current and former Sherwood employees. Regarding Sherwood's second argument, this appeal does not present the question whether a plaintiff asserting a cause of action under PAGA must always seek to recover penalties for the Labor Code violations the plaintiff suffered. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Sherwood employed Trivers for a little over two years. When she started, Sherwood required her to sign a series of documents that included an arbitration agreement. In the arbitration agreement Sherwood and Trivers agreed to arbitrate, as relevant here, "past, present, and future claims of employment discrimination, harassment, retaliation, defamation (including post-employment defamation or retaliation), breach of a contract or covenant, fraud, negligence, violation of public policy, emotional distress, breach of fiduciary duty, trade secrets, unfair competition, wages, bonuses, commissions or other compensation or monies claimed to be owed, vacation or sick pay, meal and rest periods, wrongful termination, tort claims, equitable claims, and all statutory and common law claims under state, local or federal law . . . ." The arbitration agreement included a class action waiver: "EXCEPT AS OTHERWISE REQUIRED BY APPLICABLE LAW, CLAIMS MUST BE BROUGHT IN AN INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR

3

CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING, AND EACH THEREFORE, EXCEPT AS OTHERWISE REQUIRED BY APPLICABLE LAW, WAIVES ANY RIGHT TO PARTICIPATE IN A CLASS OR REPRESENTATIVE ACTION INVOLVING CLAIMS SUBJECT TO ARBITRATION."

After her employment ended Trivers sued Sherwood, alleging a single cause of action under PAGA. Trivers alleged Sherwood violated the Labor Code by failing to provide employment records (§§ 226, 432, 1198.5), failing to pay overtime wages (§ 510), failing to provide rest and meal periods (§ 226.7, 512, subd. (a)), failing to pay minimum wages (§§ 1182.2, 1194, 1197, 1197.1), failing to keep accurate payroll records and provide itemized wage statements (§§ 226, subd. (a), 1174, subd. (d), 1198), failing to timely pay all wages earned (§§ 201-204), and failing to reimburse necessary business-related expenses (§§ 2800, 2802). In her original complaint Trivers, individually and on behalf of other aggrieved employees, sought statutory penalties under PAGA, as well as attorneys' fees and costs. Trivers filed a first amended complaint that removed her request for penalties relating to the Labor Code violations she suffered and that alleged she was acting as a plaintiff "on behalf of all other Aggrieved Employees only."

Sherwood filed a motion to compel arbitration of Trivers's individual PAGA claim. Sherwood argued that, because the Federal Arbitration Act (FAA) governed the agreement to arbitrate, the court should compel arbitration of Trivers's individual PAGA claim and stay her non-individual PAGA claim pending the arbitration. Sherwood also argued the arbitration agreement delegated to the arbitrator all issues regarding the

4

validity and scope of the arbitration agreement. In opposition to the motion to compel arbitration Trivers argued her complaint did not include an individual PAGA claim. Trivers also argued that, because Sherwood could not produce a signed copy of the alleged arbitration agreement, Sherwood did not prove there was a valid arbitration agreement. And Trivers argued the court could not enforce the arbitration agreement because it was procedurally and substantively unconscionable. In reply Sherwood argued that the first amended complaint included an individual PAGA claim and that, in any event, Trivers could not assert a valid PAGA cause of action without seeking penalties on her own behalf.

At the hearing on the motion to compel arbitration the trial court asked counsel for Trivers to clarify whether her first amended complaint included an individual PAGA claim. Counsel for Trivers stated it did not: "The first amended complaint dismissed all of plaintiff's individual claims, including her individual PAGA claims. Therefore, the only remaining claims are representative claims."

The trial court denied the motion to compel arbitration, ruling Trivers "dismissed her individual claims when she filed the First Amended Complaint." Sherwood timely appealed.

## DISCUSSION

### A. *PAGA*

"The Legislature enacted PAGA two decades ago in response to widespread violations of the Labor Code and significant underenforcement of those laws." (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1116; see *Betanco v. Living Spaces Furniture, LLC* (2026) 121 Cal.App.5th 411, 426.) PAGA created "new civil penalties for various Labor Code violations and "'[allowed] aggrieved employees, acting as private attorneys general, to recover [those] penalties.'"" (*Adolph*, at p. 1116, first brackets added; see *Betanco*, at p. 426.) "An employee who brings a PAGA action to recover civil penalties acts "'as the proxy or agent'" of the state." (*Adolph*, at p. 1116; see *Betanco*, at p. 426.)

Though an employer may require an employee as a condition of employment to agree to arbitrate employment-related disputes and to waive the right to bring a class action or other representative lawsuit, an employer may not require an employee to waive the right to bring an action under PAGA. (See *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 362, 383 [an "employee's right to bring PAGA action is unwaivable"], overruled in part by *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 648-649, 659-662 (*Viking River*) [FAA preempts only *Iskanian*'s prohibition on splitting PAGA actions into individual and non-individual claims for purposes of arbitration]; see also *Adolph v. Uber Technologies, Inc., supra*, 14 Cal.5th at p. 1117 ["a predispute categorical waiver of the right to bring a PAGA action is unenforceable [citation]—a rule that *Viking River* left undisturbed"].) Where

the FAA applies, however, an employer may require an employee to agree to arbitrate his or her individual PAGA claim.[2] (See *Viking River*, at p. 662 ["the FAA preempts the rule of *Iskanian* insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate"]; *Adolph*, at p. 1119 ["*Viking River* requires enforcement of agreements to arbitrate a PAGA plaintiff's individual claims if the agreement is covered by the FAA"].) In that event, the trial court may exercise its discretion under Code of Civil Procedure section 1281.4 to stay the non-individual PAGA claims pending the arbitration. (*Adolph*, at pp. 1123-1124.)

"To have standing to bring a PAGA action, a plaintiff must be an 'aggrieved employee,' which the statute defines as 'any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.'" (*Adolph v. Uber Technologies*, *supra*, 14 Cal.5th at p. 1116; see § 2699, subd. (c)(1); *Betanco v. Living Spaces Furniture, LLC*, *supra*, 121 Cal.App.5th at p. 426.) After the United States Supreme Court decided *Viking River* the California Supreme Court held that, "where a plaintiff has filed a PAGA action comprised of individual and non-individual claims, an order compelling arbitration of individual claims does not strip the

---

[2]     "An individual PAGA claim is the component of a PAGA [cause of action] that seeks civil penalties based on Labor Code violations sustained by the plaintiff. [Citations.] A nonindividual PAGA claim is the component of a PAGA [cause of action] that seeks civil penalties based on Labor Code violations sustained by current and former employees other than the plaintiff." (*Rodriguez v. Packers Sanitation Services LTD., LLC* (2025) 109 Cal.App.5th 69, 75, review granted May 14, 2025, S290182.)

7

plaintiff of standing to litigate non-individual claims in court."
(*Adolph*, at p. 1123; accord, *Rodriguez v. Packers Sanitation
Services LTD* (2025) 109 Cal.App.5th 69, 76 (*Rodriguez*), review
granted May 14, 2025, S290182.)  The Courts of Appeal are
divided on the related question the California Supreme Court will
soon address: whether a plaintiff asserting a PAGA cause of
action may avoid arbitration by not asserting an individual
PAGA claim (i.e., by alleging the plaintiff has suffered Labor
Code violations for standing purposes without seeking penalties
for those violations).  (See *Rodriguez*, at pp. 78-81; *Galarsa v.
Dolgen California, LLC* (2025) 115 Cal.App.5th 1, review granted
Dec. 17, 2025, S293545; *Leeper v. Shipt, Inc.*, *supra*,
107 Cal.App.5th 1001, review granted.)

> B. *Because Trivers Did Not Allege an Individual PAGA
> Claim, the Trial Court Did Not Err in Denying
> Sherwood's Motion To Compel Arbitration*

In reviewing an order denying a motion to compel
arbitration,[3] the threshold question is usually whether the
parties entered into a valid arbitration agreement.  (See Code
Civ. Proc., § 1281.2 [court must order arbitration of a controversy
"if it determines that an agreement to arbitrate the controversy
exists"]; *Santana v. Studebaker Health Care Center, LLC* (2026)
120 Cal.App.5th 1, 11 ["Because arbitration is a contractual right,
the threshold question in every motion or petition to compel
arbitration is whether an agreement to arbitrate exists."].)  We do
not reach that threshold question, however, because the issue

---

[3]    Where "we review issues of law de novo and the trial court's
factual findings under the substantial evidence standard" (*Wright
v. WellQuest Elk Grove, LLC* (2026) 119 Cal.App.5th 267, 275).

8

here is whether the operative, first amended complaint alleged an individual PAGA claim.  (See *Rodriguez*, *supra*, 109 Cal.App.5th at p. 80 ["if on a motion to compel arbitration the court examines the complaint and determines it does not allege an individual PAGA claim, the court should decline to compel any such claim to arbitration"], review granted.)

The trial court did not err in ruling Trivers did not allege an individual PAGA claim in her operative, first amended complaint.  First, the amendments Trivers made to her original complaint removed the essential components of her individual PAGA claim.  The caption page of the original complaint stated Trivers was acting as a plaintiff "individually and on behalf of all other Aggrieved Employees."  Trivers also sought penalties under section 2699 "individually, and on behalf of all aggrieved employees."  In her amended complaint, however, the caption page stated she was acting as a plaintiff "on behalf of all other Aggrieved Employees only."  And in her request for civil penalties, Trivers deleted "individually" and instead requested penalties only on behalf of aggrieved employees.  (See *Rodriguez*, *supra*, 109 Cal.App.5th at p. 77 [trial court did not err in ruling the plaintiff no longer asserted an individual PAGA claim, where the plaintiff removed "individual" and "individually" from the caption page, as well as the request for penalties for individual Labor Code violations], review granted.)

Second, Trivers represented to the trial court and has represented to this court that she is no longer asserting an individual PAGA claim.  In the trial court, as discussed, counsel for Trivers stated Trivers dismissed her individual PAGA claim and was alleging only non-individual PAGA claims.  Trivers states in her respondent's brief that "[o]n April 11, 2024, Plaintiff

filed a First Amended Complaint, which removed individual claims from Plaintiff's Complaint."

True, Trivers repeatedly alleged in her first amended complaint Sherwood violated the Labor Code as to her, and she included herself in the complaint's definition of "aggrieved employees." And she included the ambiguous allegation that the "representative plaintiff and the individuals she seeks to represent request relief as described below," which included "[s]tatutory penalties under PAGA." Citing those allegations, Sherwood argues Trivers's complaint still includes an individual PAGA claim that the court should have compelled to arbitration. But Trivers had to allege she was an aggrieved employee in order to have standing to bring a cause of action under PAGA. (*Adolph v. Uber Technologies*, *supra*, 14 Cal.5th at p. 1123; see *Rodriguez*, *supra*, 109 Cal.App.5th at pp. 76-77 [PAGA plaintiff's allegation he was an aggrieved employee did not convert non-individual claims to individual claims because "under *Adolph* he is required to allege that he is an aggrieved employee in order to meet the standing requirements for PAGA nonindividual claims"], review granted.) And though the first amended complaint is not a model of clarity, Trivers's representations to the trial court and to this court have removed any ambiguity about the nature of her PAGA claims. (See *Rodriguez*, at p. 77 [where PAGA plaintiff stated he no longer sought individual PAGA relief, judicial estoppel would preclude him from changing his position following remand].)

Sherwood also argues that, because the parties' agreement delegates questions of "arbitrability" to an arbitrator, the trial court "exceeded its jurisdiction" by ruling on whether Trivers's complaint included a claim that could be compelled to arbitration. "Under both federal and state law, 'courts presume that the

10

parties intend courts, not arbitrators, to decide . . . disputes about "arbitrability,'" including "'whether an arbitration clause in a concededly binding contract applies to a particular type of controversy.'" [Citations.] 'The parties may agree to delegate authority to the arbitrator to decide arbitrability, but given the contrary presumption, evidence that the parties intended such a delegation must be "'clear and unmistakable'" before a court will enforce a delegation provision.'"'" (*Mondragon v. Sunrun Inc.* (2024) 101 Cal.App.5th 592, 603; accord, *Wright v. WellQuest Elk Grove, LLC* (2026) 119 Cal.App.5th 267, 274-275.) The parties' arbitration agreement includes a delegation clause stating that "claims, disputes, and/or controversies relating to the scope, validity, or enforceability of this Agreement" are covered by the arbitration agreement.

The delegation clause does not apply. In denying Sherwood's motion to compel arbitration, the court did not address the scope, validity, enforceability, or even the existence of the arbitration agreement. The trial court did not rule, for example, that the parties did not agree to arbitrate an individual PAGA claim, that the claims asserted in the operative complaint were not subject to arbitration, or that the class action waiver was invalid. The court simply looked at Sherwood's motion, which sought to compel arbitration of Trivers's individual PAGA claim, and reviewed the complaint to see if it included an individual PAGA claim. In ruling Trivers did not allege an individual PAGA claim the court had no occasion to (and did not) consider the arbitrability of the claims Trivers alleged in the operative complaint.

Sherwood also argues that, if the complaint does not include an individual PAGA claim, we should decide whether a

11

plaintiff may bring a valid PAGA cause of action without alleging an individual PAGA claim.  As explained, that question is currently pending before the Supreme Court.  Sherwood urges us to either stay this appeal until the Supreme Court decides the issue or follow the court's decision in *Leeper v. Shipt, Inc.*, *supra*, 107 Cal.App.5th 1001, review granted.

Given the procedural posture of this case, the question whether a plaintiff may bring a cause of action under PAGA without seeking damages for the Labor Code violations the plaintiff suffered is not before us.  As the court observed in *Rodriguez*, *supra*, 109 Cal.App.5th 69, review granted, when an appeal arises from an order resolving a motion to compel arbitration (as opposed to a demurrer or other pleading challenge), "[t]he only question . . . is whether the complaint includes claims that are arbitrable. . . .  Whether it is permissible for a plaintiff to file a complaint that asserts only nonindividual PAGA claims is a different question . . . ." (*Id.* at p. 78.)  To the extent Sherwood believes Trivers's complaint fails to state a cause of action under PAGA because it does not include an individual PAGA claim, Sherwood may raise that issue in an appropriate motion before the trial court.

## DISPOSITION

The order denying Sherwood's motion to compel arbitration is affirmed.  Trivers is to recover her costs on appeal.


SEGAL, J.


We concur:


MARTINEZ, P. J.


STONE, J.